# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JARRELL FALAS NOWLIN,
        Appellant,

      v.

FEDERAL DEPOSIT INSURANCE
    CORPORATION,
        Agency.

DOCKET NUMBER
AT-0731-16-0078-I-1

DATE: August 10, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Jarrell Falas Nowlin, Atlanta, Georgia, pro se.

Nestor D. Ramirez, Esquire, Arlington, Virginia, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction his appeal of the agency's rescission of a tentative offer of employment. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 By email dated June 11, 2015, the agency extended the appellant a tentative offer of employment for the position of Information Technology Examination Analyst, CG-2210-13, in the agency's Sunrise Field Office. Initial Appeal File (IAF), Tab 4, Subtab 2i. The email informed the appellant that the position was contingent upon satisfactory completion of a pre-employment security review. *Id.* The appellant accepted the agency's tentative offer of employment that same day. *Id.*, Subtab 2j.

¶3 On August 19, 2015, the agency issued a letter requesting that the appellant clarify and explain issues relating to criminal records and credit information that surfaced during his preliminary background investigation. *Id.*, Subtab 4f. The appellant responded through his attorney. *Id.*, Subtab 2e. By letter dated September 28, 2015, the agency notified the appellant that it was rescinding its tentative offer of employment because the security clearance process revealed a "pattern of dishonesty and omission of relevant facts." *Id.*, Subtab 2d. Specifically, the agency cited the appellant's failure to disclose prior criminal

history on his Standard Form 85P, Questionnaire for Public Trust Positions, and his OF-306, Declaration of Federal Employment. *Id*.

¶4   The appellant filed an appeal with the Board, alleging that the agency "erroneously" and "illegally" rescinded the tentative offer of employment based on inaccurate information. IAF, Tab 1. The agency moved to dismiss the appeal for lack of jurisdiction, and the appellant responded in opposition to the agency's motion. IAF, Tabs 5‑6. Because it appeared the Board might lack jurisdiction over the appeal, the administrative judge issued an order advising the appellant of his burden of proof on jurisdiction, and directing him to submit evidence and argument on the issue. IAF, Tab 7. In the order, the administrative judge advised the appellant in specific terms of what he needed to show to establish that the agency's rescission of the tentative offer of employment constituted an appealable suitability action. *Id*. The appellant filed several responses, in which he addressed the merits of the agency's decision, arguing that the agency relied on incorrect information, violated the Fair Credit Reporting Act (FCRA), committed prohibited personnel practices, and denied him due process. IAF, Tabs 8-10, 12. Based on the appellant's responses, the administrative judge dismissed the appeal, finding that he failed to put forward allegations that, if proven, would establish jurisdiction. IAF, Tab 13, Initial Decision.

¶5   On review, the appellant again argues that the agency relied on incorrect information, violated the FCRA, committed prohibited personnel practices, and denied him due process. Petition for Review (PFR) File, Tab 1. The agency has responded. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6   The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). Generally, the Board lacks jurisdiction over an agency's decision not to select an applicant for appointment

to a position.[2]  *See Phillips v. Department of the Navy*, [110 M.S.P.R. 184](#), ¶ 5 (2008).

¶7        Furthermore, as the administrative judge explained below, the agency's decision to rescind its tentative offer of employment is not an appealable suitability action under 5 C.F.R. part 731.  Under [5 C.F.R. § 731.501](#)(a), when the Office of Personnel Management (OPM) or an agency acting under authority delegated by OPM takes a suitability action against a person, that person may appeal the action to the Board.  However, the applicable regulations specify that a nonselection is not a suitability action, even if it is based on the criteria for making suitability determinations set forth in [5 C.F.R. § 731.202](#).  [5 C.F.R. § 731.203](#)(b).  Rather, a "suitability action" is specifically defined as either a (1) cancellation of eligibility; (2) removal; (3) cancellation of reinstatement eligibility; or (4) debarment.  [5 C.F.R. § 731.203](#)(a).  The appellant has not shown that the agency's decision to rescind its tentative offer of employment falls into any of these categories.  In particular, we find no support for his contention that the agency subjected to him to a debarment, i.e., denial of examination for, and appointment to, covered positions for a period of not more than 3 years from the date of the unfavorable suitability determination.  *See* [5 C.F.R. § 731.204](#).

¶8        The appellant's claims of prohibited personnel practices and constitutional violations do not confer jurisdiction on the Board in the absence of an otherwise appealable action.  *Moore v. Department of State*, [15 M.S.P.R. 488](#), 489 (1983), *aff'd*, 765 F.2d 159 (Fed. Cir. 1985) (Table).  Nor is there any law, rule, or regulation that would grant the Board jurisdiction to consider the appellant's claim that the agency violated the FCRA.  *See Maddox*, 759 F.2d at 10. Accordingly, we affirm the initial decision.

---

[2] Although a nonselection is not directly appealable to the Board, the Board may have jurisdiction over a claim that a nonselection was:  (1) the result of a prohibited personnel practice under [5 U.S.C. § 2302](#)(b)(8) or (b)(9)(A)(i), (B), (C), or (D); (2) the result of discrimination based on uniformed service;  or (3) in violation of the appellant's veterans' preference rights.  None of these exceptions is applicable here.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:          _____
                                      Jennifer Everling
                                      Acting Clerk of the Board

Washington, D.C.